## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HANGZHOU FIVE STAR ALUMINIUM CO., LTD.; JIANGSU DINGSHENG NEW MATERIALS JOINT-STOCK CO., LTD.; DINGSHENG ALUMINIUM INDUSTRIES (HONG KONG) TRADING CO., LIMITED (DINGSHENG ALUMINIUM INDUSTRIES (HONG KONG) TRADING CO., LTD.); HANGZHOU DINGSHENG IMPORT & EXPORT CO., LTD. (HANGZHOU DINGSHENG IMPORT AND EXPORT CO., LTD.); HANGZHOU TEEMFUL ALUMINIUM CO., LTD.; INNER MONGOLIA LIANSHENG NEW ENERGY MATERIAL CO., LTD. (INNER MONGOLIA LIANSHENG NEW ENERGY MATERIAL JOINT-STOCK CO., LTD.); INNER MONGOLIA LIANSHENG NEW ENERGY MATERIAL CO., LTD. (INNER MONGOLIA XINXING NEW MATERIAL CO., LTD.); HANGZHOU DINGSHENG INDUSTRIAL GROUP CO., LTD.; HANGZHOU DINGCHENG ALUMINUM CO., LTD.; LUOYANG LONGDING ALUMINIUM CO., LTD.; WALSON (HK) TRADING CO., LIMITED; and DINGHENG NEW MATERIALS CO., LTD.<br><br>                       Plaintiffs,<br>    v.<br><br>UNITED STATES,<br><br>                       Defendant. | Court No. 24-00231 |

## **COMPLAINT**

Plaintiffs Hangzhou Five Star Aluminium Co., Ltd.; Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd.; Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.); Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.); Hangzhou Teemful Aluminium Co., Ltd.; Inner Mongolia Liansheng New Energy Material Co., Ltd. (Inner

Mongolia Liansheng New Energy Material Joint-Stock Co., Ltd.); Inner Mongolia Liansheng New Energy Material Co., Ltd. (Inner Mongolia Xinxing New Material Co., Ltd.); Hangzhou Dingsheng Industrial Group Co., Ltd.; Hangzhou Dingcheng Aluminum Co., Ltd.; Luoyang Longding Aluminium Co., Ltd.; Walson (HK) Trading Co., Limited; and Dingheng New Materials Co., Ltd. (collectively, "Dingsheng"), by and through undersigned counsel hereby allege and state as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Dingsheng seeks review of the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the fifth administrative review ("AR5") of the countervailing duty ("CVD") order on certain aluminum foil from the People's Republic of China ("China") covering the period January 1, 2022, to December 31, 2022, published as *Certain Aluminum Foil from the People's Republic of China: Final Results of Countervailing Duty Administrative; 2022*, 89 Fed. Reg. 88,957 (Nov. 12, 2024) ("*Final Results*"), amended as *Certain Aluminum Foil from the People's Republic of China: Amended Final Results of Countervailing Duty Administrative; 2022*, 89 Fed. Reg. 102,107 (Dec. 17, 2024) ("*Amended Final Results*").

2. The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Nov. 6, 2024) ("IDM") accompanying the *Final Results*, 89 Fed. Reg. 88,957.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by the Department in AR5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Dingsheng is a foreign producer/exporter of certain subject aluminum foil and was selected as a mandatory respondent in AR5. Dingsheng participated in the proceeding fully through the filing of questionnaire responses and briefing and was therefore a party to the Department's proceeding that resulted in the challenged determination. Accordingly, Dingsheng is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews must file a summons within 30 days of the date of publication in the Federal Register of the final determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the *Final Results* on November 12, 2024.

6. This action was timely commenced within 30 days of the date of publication of the *Final Results*, by the filing of the Summons on December 12, 2024. This Complaint is timely filed within 30 days of the filing of the Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7. The Department issued the CVD order on certain aluminum foil from China on April 19,

2018. *Certain Aluminum Foil from the People's Republic of China: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 17,360 (Apr. 19, 2018).

8. On June 12, 2023, the Department initiated AR5 with respect to several companies, including Dingsheng. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 38,021, 38,030 (June 12, 2023).

9. Subsequent to the initiation of the review, by memorandum dated July 24, 2023, the Department selected Plaintiff Dingsheng and one other Chinese manufacturer/exporter, Jiangsu Zhongji Lamination Materials Co, (HK) Limited ("Zhongji"), as mandatory respondents to individually investigate in the review.

10. Dingsheng timely filed its response to the affiliation portion of the Department's initial CVD questionnaire on August 25, 2023, and on September 29, 2023, timely filed the remainder of their response to the Department's initial questionnaire, identifying subsidy programs from which the companies' received benefits during the POR.

11. Dingsheng timely responded to all additional supplemental questionnaires issued by the Department to the companies.

12. Dingsheng submitted timely factual information on March 27, 2024, for the Department's use in the valuation of the benchmarks under the applicable less than adequate renumeration subsidy programs (19 C.F.R. § 351.511) for reported primary aluminum and steam coal purchases, including monthly ocean shipping rates.

13. The Department published its Preliminary Results of the administrative review on May 2, 2024. *Certain Aluminum Foil from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review and Rescission of Review, in Part; 2022*, 89 Fed.

Reg. 35,790 (May 2, 2024) ("*Preliminary Results*").

14.     In its *Preliminary Results*, the Department preliminary found that Dingsheng had received countervailable benefits during the POR, calculating a preliminary CVD rate of 30.66% for the companies.

15.     On July 15, 2024, Dingsheng filed its administrative case brief (refiled on July 18, 2024) challenging certain decisions and findings in the Department's *Preliminary Results*, including, among other things that: (1) the Department should modify its tier 2 benchmark applied to Dingsheng's primary aluminum purchases, and (2) the Department should not apply adverse facts available to determine whether Dingsheng's customers used the Export Buyer's Credit Program.

16.     Dingsheng filed its rebuttal brief on July 29, 2024, rebutting certain arguments made by Petitioner in their case brief.

17.     On November 12, 2024, the Department published its *Final Results*, rejecting certain arguments advanced by Dingsheng. As a result of the changes to the *Preliminary Results*, the Department in its *Final Results* assigned Dingsheng a CVD rate of 29.90%. *Final Results*, 89 Fed. Reg. at 88,958. Dingsheng's CVD rate remained the same in the Department's *Amended Final Results* published on December 17, 2024. *Amended Final Results*, 89 Fed. Reg. at 102,108.

## STATEMENT OF CLAIMS

### COUNT ONE

18.     Paragraphs 1 to 17 are adopted, incorporated, and re-alleged here by reference.

19.     In its *Final Results*, the Department used different "tier 2" benchmarks under 19 C.F.R. § 351.511(a)(2)(ii) to determine the adequacy of remuneration for the primary aluminum (i.e., aluminum ingot) purchased by Dingsheng and by Zhongji from Chinese government authorities.

IDM at Cmt. 11. For Zhongji's purchases, the Department used aluminum ingot prices from the London Metal Exchange ("LME"). For Dingsheng's purchases, the Department used export prices from UNComtrade under HTS 7601.10.

20. For Dingsheng, the Department calculated an *ad valorem* CVD rate for this program of 14.21%, while Zhongji received a calculated rate of 2.65%.

21. The Department's failure to use the same LME tier 2 benchmark for Dingsheng's primary aluminum purchases as was used for Zhongji was unsupported by substantial evidence and otherwise contrary to law.

22. In the alternative, the Department's failure to average the LME prices with the export prices under HTS 7601.10, was contrary to 19 C.F.R. § 351.511(a)(2)(iv), and contrary to past Department practice.

## COUNT TWO

23. Paragraphs 1 to 17 and 19 to 22 are adopted, incorporated, and re-alleged here by reference.

24. In its Final Results, the Department found that Dingsheng's customers used the Export Buyer's Credit program on the basis of adverse facts available ("AFA"). IDM at Cmt. 1.

25. Both the Government of China and Dingsheng reported that Dingsheng's U.S. customers did not use this program, with Dingsheng submitting non-use certifications for all but one of its U.S. customers.

26. The Department's application of AFA was unsupported by substantial evidence where a vast majority of customers said they did not use the program, and was otherwise contrary to law.

**PRAYER FOR RELIEF**

WHEREFORE, Dingsheng requests that this Court:

(a) hold that the Department's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the *Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew T. Schutz*
Andrew T. Schutz
Michael S. Holton
Eve Q. Wang

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Jiangsu Dingsheng New Materials Joint-Stock Co., Ltd., Dingsheng Aluminium Industries (Hong Kong) Trading Co., Limited (Dingsheng Aluminium Industries (Hong Kong) Trading Co., Ltd.), Hangzhou Dingsheng Import & Export Co., Ltd. (Hangzhou Dingsheng Import and Export Co., Ltd.), Hangzhou Five Star Aluminium Co., Ltd.; Hangzhou Teemful Aluminium Co., Ltd., Inner Mongolia Liansheng New Energy Material Co., Ltd., and Inner Mongolia Xinxing New Energy Material Co., Ltd.*

Dated: January 13, 2025

## CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on January 13, 2025, a copy of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

Gregory S. Menegaz, Esq.
**deKieffer & Horgan**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Jarrod M. Goldfeder, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108

William Moran, Esq.
**White & Case LLP**
26th Floor, 1-8-3 Marunouchi
Chiyoda-ku, Tokyo 100-0005 JAPAN

Mark Ludwikowski, Esq.
**Clark Hill PLC**
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004

Peter J. Koenig
**Squire Patton Boggs (US) LLP**
2550 M Street, NW
Suite 300
Washington, DC 20036

Yangfan Xie
**Embassy of the Peoples Republic of China**
2133 Wisconsin Ave, NW
Washington, DC 20007

*/s/ Andrew T. Schutz*
Andrew T. Schutz

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

1201 New York Avenue, NW
Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Hangzhou Five Star Aluminium Co., Ltd., et al.*